```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | **CRIMINAL ACTION** |
| ) | **NO. 03-1768-CBS** |
| JOHN DOE,    ) | |
| a/k/a JOSE ANTONIO PARRILLA,   ) | |
| Defendants,   ) | |

## MEMORANDUM OF PROBABLE CAUSE AND
## ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION
### October 29, 2003

**SWARTWOOD, M.J.**

I. <u>Nature of the Offense and the Government's Motion</u>

On October 16, 2003, a criminal Complaint was filed, charging John Doe, a/k/a Jose Antonio Parrilla ("John Doe"), with willfully and knowingly making a false statement in an application for a United States Passport with the intent to induce the issuance of a passport under authority of the United States for his own use or for the use of another, in violation of 18 U.S.C. § 1542.

At John Doe's initial appearance on October 16, 2003 in connection with this Complaint, he was advised of his right to a preliminary examination in accordance with Fed.R.Crim.P. 5.1

and the Government moved for a detention hearing in accordance with 18 U.S.C. §§3142(f)(1)(D)(John Doe is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1)(A), or two or more state of local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed) and (f)(2)(A)(risk of flight).

On October 29, 2003, a consolidated probable cause/detention hearing was scheduled and at that hearing, John Doe waived his right to a probable cause hearing and assented to an order of detention, but reserved his right to a detention hearing in the future.

## II. Order of Detention

In accordance with the foregoing memorandum, IT IS ORDERED:

1. That John Doe be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That John Doe be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which John Doe is detained and confined shall deliver John Doe to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/S/CHARLES B. SWARTWOOD, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE